# Assertion of Executive Privilege with Respect to Prosecutorial Documents

Executive privilege may properly be asserted in response to a congressional subpoena seeking prosecutorial decisionmaking documents of the Department of Justice.

December 10, 2001

THE PRESIDENT

     THE WHITE HOUSE

My Dear Mr. President: I am writing to request that you assert executive privilege with respect to memoranda from the Chief of the Campaign Financing Task Force to former Attorney General Janet Reno recommending that a Special Counsel be appointed to investigate a matter under review by the Task Force, memoranda written in response to those memoranda, and deliberative memoranda from other investigations containing advice and recommendations concerning whether or not particular criminal prosecutions should be brought. The Committee on Government Reform of the House of Representatives has issued subpoenas to me demanding these documents.

The Department has gone to great lengths, consistent with the constitutional and statutory obligations of the Executive Branch, to accommodate the Committee's needs concerning the prosecutorial decisions that are the subject of these documents. The Department has provided briefings that included explanations of the reasons for the decisions, and we are willing to provide further briefings. The Committee has been unsatisfied with these accommodations, however, and has pressed for access to the documents themselves.

I strongly believe that releasing or otherwise making these extremely sensitive prosecutorial decisionmaking documents available to Congress would compromise the ability of the Department of Justice to assist you in discharging your constitutional law enforcement responsibilities. The authority to investigate and prosecute criminal suspects is one of the core executive powers vested in the President by the Executive Power and Take Care Clauses of Article II of the Constitution. In order to assist the President in fulfilling his constitutional duty, the Attorney General and other Department decisionmakers must have the benefit of candid and confidential advice and recommendations in making investigative and prosecutorial decisions.

The need for confidentiality is particularly compelling in regard to the highly sensitive prosecutorial decision of whether to bring criminal charges. The Department's attorneys are asked to render unbiased, professional advice about the merits of potential criminal cases. The formal mechanism by which this process occurs is the preparation of prosecution and declination memoranda. In short,

1

these documents review the strength of the evidence, substantive legal issues, policy considerations, and overall likelihood of success if the case were to proceed.

If these deliberative documents are subject to congressional scrutiny, we will face the grave danger that prosecutors will be chilled from providing the candid and independent analysis essential to the sound exercise of prosecutorial discretion and to the fairness and integrity of federal law enforcement. As the Supreme Court described its concern about a chilling effect: "Human experience teaches that those who expect public dissemination of their remarks may well temper candor with a concern for appearances and for their own interests to the detriment of the decisionmaking process." *United States v. Nixon*, 418 U.S. 683, 705 (1974). The Court observed that "the importance of this confidentiality is too plain to require further discussion." *Id*.

Just as troubling, the prospect of congressional review might force prosecutors to err on the side of investigation or prosecution simply to avoid public second-guessing. This would undermine public and judicial confidence in our law enforcement processes. It is for all of these reasons that the Supreme Court has unanimously recognized the "valid need for protection of communications between high Government officials and those who advise and assist them in the performance of their manifold duties." *Id*.

Disclosure of declination memoranda would also implicate significant individual privacy interests. Such documents discuss the possibility of bringing charges against individuals who are investigated but not prosecuted, and often contain unflattering personal information as well as assessments of witness credibility and legal positions. The disclosure of the contents of these documents could be devastating to the individuals they discuss.

The Department respects and cooperates with the legitimate exercise of Congress's oversight authority. Congressional committees need to gather information about how statutes are applied and funds are spent so that they can assess whether additional legislation is necessary. We have significant concerns, however, about oversight requests for prosecution and declination memoranda. The nexus between such inquiries and the purpose of oversight is questionable, and this kind of demand threatens to politicize the criminal justice process. Legislative Branch pressure on prosecutorial decisionmaking is inconsistent with the separation of powers and thereby threatens individual liberty.

The memoranda to former Attorney General Reno and the prosecutorial decisionmaking documents addressed to other Department officials clearly fall within the scope of executive privilege. The Constitution clearly gives the President the power to protect the confidentiality of Executive Branch deliberations. Under controlling case law, a congressional committee is required to demonstrate that the information sought is "demonstrably critical to the responsible fulfillment of the Committee's functions." *Senate Select Committee on*

*Presidential Campaign Activities v. Nixon*, 498 F.2d 725, 731 (D.C. Cir. 1974) (en banc). And those functions must be in furtherance of legitimate legislative responsibilities of Congress. *See McGrain v. Daugherty*, 273 U.S. 135, 160 (1927) (Congress has oversight authority "to enable it efficiently to exercise a legislative function belonging to it under the Constitution").

We believe that the Committee has failed to provide a sufficient reason to disclose these sensitive prosecutorial documents. Congress cannot justify a demand for a decisionmaking document based on its disagreement with a prosecutorial decision. *See Response to Congressional Requests for Information Regarding Decisions Made Under the Independent Counsel Act*, 10 Op. O.L.C. 68 (1986). In any event, even if the Committee has a legitimate oversight interest in these documents, its oversight needs cannot outweigh the Executive Branch's interest in the confidentiality of prosecutorial decisionmaking and our concerns about congressional influence on such decisionmaking in individual cases. I do not believe that access to these prosecutorial decisionmaking documents is "demonstrably critical to the responsible fulfillment of the Committee's functions." *Senate Select Committee*, 498 F.2d at 731.

It is my legal judgment that executive privilege may properly be asserted in these circumstances. I request and advise that you do so.

JOHN D. ASHCROFT
*Attorney General*
